
**Jakob B. Halpern**
(973) 622-8394
jhalpern@saiber.com

February 19, 2019

**BY ECF & FEDERAL EXPRESS**

Honorable William J. Martini, U.S.D.J.
United States District Court for the District of New Jersey
M.L. King, Jr. Federal Building
 & Courthouse
50 Walnut Street, Room 2060
Newark, New Jersey 07101

   Re: *Z.P. v. Yale University, et al.*
     <u>Civil Action No. 18-15703 (WJM) (MF)</u>

Dear Judge Martini:

  Our firm represents defendants Yale University, Yale-New Haven Hospital, Peter Salovey, Paul Genecin, Lorraine Siggins and Jonathan Holloway (collectively "Defendants") in this matter. We write on behalf of Defendants and Plaintiff to respectfully request that the Court enter the enclosed proposed Consent Order transferring this matter to the United States District Court for the District of Connecticut. Plaintiff has consented to the form and execution of this Order, and has authorized us to represent same to the Court.

  There is good cause to transfer this matter, as permitted by 28 U.S.C. § 1404(a). Plaintiff's complaint contains several causes of action based on her allegations that Defendants discriminated against her based on an actual or perceived disability and violated certain common law and statutory rights under Connecticut law. Plaintiff alleges that, while she was a student and living on-campus at Yale University, she was referred by the university to Yale-New Haven Hospital, where she was not advised of her rights and involuntarily committed. Plaintiff also alleges that the Hospital disclosed her medical information to Yale University, which then placed her on medical leave and forced her to vacate her on-campus residence. The individual defendants held various senior leadership positions during the relevant time period.

All alleged relevant events took place in New Haven, Connecticut, and all Defendants were located there during the relevant time.[1] Moreover, most – if not all – additional witnesses, such as employees of Yale University and Yale-New Haven Hospital (some of which are referred to by title in the Complaint), are located in and around New Haven, and most – if not all – relevant documents are located there as well. Conversely, few if any witnesses or documents will be located in New Jersey. Finally, if the matter is not transferred, each Defendant will move to dismiss the matter under both Fed. R. Civ. P. 12(b)(2) and 12(b)(3), for lack of personal jurisdiction and improper venue, in addition to other potential motion practice under Fed. R. Civ. P. 12(b)(6).

For these reasons, the parties respectfully submit that it would be more convenient and efficient to transfer the matter on consent to the District of Connecticut, rather than tax party and Court resources in overseeing expensive and time-consuming motion practice. As such, they respectfully request that Your Honor enter the enclosed Consent Order and direct the Clerk of Court to take the necessary steps to transfer this action.

We thank the Court for its consideration and assistance.

Respectfully submitted,

Jakob B. Halpern

/jbh
Enclosure
c: **(w/encl., by ECF & email)**
Robert J. De Groot, Esq.

---

[1] One individual defendant has since moved to Illinois.