UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

```
-------------------------X        Civil Action
Z.P.,                    :
         Plaintiff,      :        No.: 3:19-cv-00315-WWE
                         :
Vs.                      :
                         :
YALE UNIVERSITY,         :
YALE-NEW HAVEN HSOPITAL, :
PETER SALOVEY,           :
JONATHAN HOLLOWAY,       :
DR. PAUL GENECIN,        :
DR. LORRAINE SIGGINS,    :
JOHN DOES, 1-3,          :
JANE DOES 1-3.           :
                         :
         Defendant.      :
                         :
-------------------------x
```

**MEMORANDUM IN OPPOSITION TO THE MOTION TO DISMISS**

The Plaintiff, Z.P., by and through her Attorney, Robert J. De Groot, Esq., hereby submit the following memorandum of law in opposition to the motion to dismiss.

## PRELIMINARY STATEMENT

The Defendants file a motion to dismiss various counts of the Plaintiff's Complaint under Federal Rule of Civil Procedure 12 (b) (6). The Defendants raise various assertions contained outside of the pleadings in support of their argument. These assertions are made without any citation to documents or affidavits. It is believed that the assertions of fact cited to by the Defendants are based on their review of the Plaintiff's medical records. The Defendants make these assertions without providing proper context.

What is troubling about the Defendants' moving papers is that they are a thinly veiled attempt to "out" the Plaintiff's identity. The Defendants also attempt to mark the Plaintiff as a pariah by citing to out of context purported statements that she made about the Yale student body and community. The sum of these actions is to intimidate the Plaintiff and foreshadow the consequences of her or anyone else proceeding in a lawsuit against Yale.

The Defendants argue that the Plaintiff wanted to leave Yale and that their actions to force a medical leave was reasonable. They cite to a therapy session when she "related to her therapist at the end of August that she fantasized about leaving Yale and 'escaping' in some way in order to make her

1

responsibilities as a Freshman Counselor 'Go away.'" The
Defendants do not provide context or explain as to how a
statement made in the end of August to her therapist could have
influenced the School's decision to require her to take medical
leave. Further, there is no declaration as to whether this
statement to the counselor was ever even considered in the
school's decision to require the Plaintiff to take medical
leave. This citation to the Plaintiff's therapy session is
without context, irrelevant to the litigation, and inaccurately
portrays the Plaintiff as wanting to leave Yale and not wanting
to be part of its community.

The Defendants then attempt to embarrass the Plaintiff by
citing to additional material outside of the pleadings and not
accompanied by or contained in any affidavit or affixed document
(which should be sealed) by asserting that the Plaintiff:

> … had one close friend at Yale, who also did not like
> Yale. This friend later took a medical leave of
> absence due to her own mental health concerns, which
> were exacerbated by two recent suicides on campus.
> Other than the one close friend, the Plaintiff told
> her therapist that she had not made any close
> connections during her three years at Yale.

(Defendant's Brief- Page 2).

These assertions are not substantive to the outcome of this
motion. Instead, they are intended to embarrass the Plaintiff
and minimize the Plaintiff's value to the Yale community by

implying that she has few friends. The assertion also attempts
to drive the Yale community's public opinion against the
Plaintiff by implying that the Plaintiff was unappreciative and
hostile to the Yale community.

By citing to what appears to be a statement made to her
therapist during a difficult time, the Defendants are also
attempting to intimidate and embarrass the Plaintiff by publicly
disclosing statements that her friends and Yale community may
take offense to. One may also infer that the citation to these
purported statements (irrelevant in the context of this motion),
is intended to intimidate the Plaintiff, lest she risk severing
her relationships with the Yale student body. After reading the
"factual background," the Plaintiff (or a potential Plaintiff)
is left to wonder "what else" would Yale disclose during
litigation in a public forum to humiliate or intimidate an
adversary.

Yale attempts to intimidate and embarrass the Plaintiff
throughout the brief by making other irrelevant assertions
concerning statements she made to her therapist.

> … she did not like the campus culture and not feel
> like she could be herself. She also reported that she
> struggled with her social life at Yale and that she
> did not want to be friends with people at Yale;
> therefore, she felt isolated and alienated from her
> classmates.

Again, the Defendants do not provide any documents or affidavits containing the purported statements that the Plaintiff made. The Defendants fail to note when the statements were made, the context of how they were made, and whether the Defendants relied on these statements in making their decision to require Plaintiff to take a medical leave. The only purpose to these statements is to discourage the Plaintiff from proceeding in this action and attempting to turn the Yale community against her.

The Defendants again attempt to humiliate the Plaintiff by recounting the Plaintiff's purported suicide ideation in detail by noting that she counted pills and contemplated hanging herself from the light fixture. The details of the ideation are not relevant to a Rule 12 (b)(6) motion. The only purpose of citing to the ideation is to intimidate and humiliate the Plaintiff.

Finally, the Defendants attempt to disclose the Plaintiff's identity by noting her current occupation and residence. The references to her occupation and residence are also intimidating as it shows that the Defendants are watching the Plaintiff.

The Defendants' brief is the proverbial warning to the Plaintiff and any other individual that may challenge the school in a judicial proceeding. Defendant Yale will stop at nothing to

defend its actions and policies, even if it entails humiliating and outing its students and alumni who wish to maintain privacy and relative anonymity. The statement of facts is the proverbial shot across the bow towards any student who dares challenge Yale. Yale will stop at *nothing* to humiliate and ostracize you. The Defendants believe that they are justified in doing anything to humiliate and intimidate the Plaintiff, whose intonation of the last three lyrics in "Bright College Years"[1] is not sufficiently jingoistic.

Unfortunately, the Plaintiff's legal action is necessary due to the Defendants' "mem'ry haze" and desire to maintain the pristine impression of the institution over fostering the development of its students.

---

[1] The song's ending: "For God, for country and For Yale!"

## STATEMENT OF FACTS

Z.P. ("Plaintiff") was a student in her senior undergraduate year at Yale University when this cause of action arose in November 2016 (See Exhibit A, Plaintiff's Complaint, Paragraph 12). The Plaintiff suffered from clinical depression and became disenchanted after the suicides of two students (Paragraph 16-17).

On November 5, 2017, after discussing her emotions with her religious advisor, the Plaintiff went to Yale Mental Health and Counseling ("YMHC")(Paragraphs 18-19). At YMHC, the Plaintiff was advised to seek treatment at the Yale-New Haven Hospital ("Hospital") for treatment (Paragraph 20). The Plaintiff followed the advice of YMHC and checked herself into the Hospital. The Plaintiff was never advised that after admission, she could be held involuntarily at the Hospital (Paragraph 23).

The Plaintiff's treatment records were disclosed to Yale University officials (Paragraph 25). Neither Hospital nor Yale University employees advised the Plaintiff that she could request to leave the hospital after three days, and that the Hospital could only require her involuntary commitment following the procedures outlined under Conn. Gen. Stat. 17a-506.

6

The Plaintiff's parents requested her medical records from YMHC and the Hospital. After submitting a medical release, they received partial medical records that did not include a Physician's Emergency Certificate (Paragraphs 32 and 33). Defendant Yale then required the Plaintiff to take a medical leave contrary to her wishes (Paragraph 34). The Plaintiff filed an appeal of the school's decision and asserted that she felt safest and most comfortable at the school (Paragraph 36 and Paragraph 39). The Plaintiff also asserted that she would never physically hurt herself (Paragraph 38). The school denied the appeal on November 15, 2016. The Plaintiff was released from the hospital the next day (Paragraphs 40 and Paragraphs 41).

The Plaintiff was then forced to vacate her apartment and she could not graduate with her class (Paragraph 42 and 43).

**Legal Standard to Dismiss on a 12 (b) (6) motion**

A party may file a motion to dismiss a complaint for failure to state a cause of action under Federal Rule of Civil Procedure 12 (b) (6). A motion to dismiss for "failure to state a claim upon which relief can be granted" must be asserted before a pleading. Fed. R. Civ. Proc. 12 (b). Under this Rule, a claim may be dismissed either because the legal theory which the claim is based is not cognizable or because the factual assertions are not plausible. Baicke-Mckee, Janssen, Corr, Federal Civil Rules Handbook, Comment to Rule 12 (b) (6) citing Bell Atlantic Corp., v. Twombly, 550 U.S. 544, 555 & 570, 127 S. Ct. 1955, 1965 &1974, 167 L. Ed. 2d 929 (2007).

In examining a Rule 12 (b) (6) motion, the Court must construe the pleadings to grant all reasonable inferences in favor of the pleader or non-moving party. Patriot Exploration, LLC v. Sandridge Energy, Inc., 951 F. Supp. 2d 331, 345 (D. Conn. 2013) citing Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974). "The function of a motion to dismiss is 'merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof.'" Id. at 346 citing Mytych v. May Dept. Store Co., 34 F. Supp. 2d 130, 131 (D. Conn. 1999)

(quoting <u>Ryder Energy Distrib. v. Merrill Lynch Commodities</u>, Inc., 748 F.2d 774, 779 (2d Cir. 1984)).

"The issue on a motion to dismiss is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his claims." <u>Id</u>. quoting <u>United States v. Yale New Haven Hosp.</u>, 727 F. Supp. 784, 786 (D. Conn. 1990) (citing Scheuer, 416 U.S. at 232).

In its review of a motion to dismiss for failure to state a claim, the court may consider "only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings and matters of which judicial notice may be taken." <u>Id</u>. at 346 citing <u>Samuels v. Air Transport Local</u> 504, 992 F.2d 12, 15 (2d Cir. 1993).

The pleading must contain "enough" information to give the Defendants notice of the complaint's claims and the basis for those claims. <u>Baicker-McKee</u>, supra comment to Rule 12 (b) (6) citing <u>Tellabs, Inc. v. Makor Issues & Rights, Ltd</u>., 551 U.S. 308, 319, 127 S. Ct. 2499, 2507, 168 L. Ed. 2d 179 (2007)("Although the rule encourages brevity, the complaint must say enough to give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'").

If a party seeks relief on material outside the pleadings, and the Court does not exclude such material, the motion must be

treated as one for summary judgment with "all parties must be
given a reasonable opportunity to present all the material that
is pertinent to the motion." Fed. R. Civ. Proc. 12 (d).

> When matters outside the pleadings are presented in
> response to a 12(b)(6) motion, a district court must
> either exclude the additional material and decide the
> motion on the complaint alone or convert the motion to
> one for summary judgment under Rule 56 and afford all
> parties the opportunity to present supporting
> material. This conversion requirement is strictly
> enforced whenever there is a legitimate possibility
> that the district court relied on material outside the
> complaint in ruling on the motion.

Int'l Union, UAW v. Goodrich Pump & Engine Control Sys., 2017
U.S. Dist. LEXIS 160664 *14 (D. Conn. 2017) quoting Friedl v.
City of N.Y., 210 F.3d 79, 83 (2d Cir. 2000) (citation and
internal quotation marks omitted). See also Calcutti v. SBU,
Inc., 273 F. Supp. 2d 488, 498 (S.D.N.Y. 2003) ("This conversion
requirement is 'strictly enforced' in the Second Circuit,"
quoting Friedl, 210 F.3d at 83).

## I.   <u>Argument</u>

**The Defendants are correct in arguing that Count I should be dismissed against the Defendants.**

The Defendants argue that a private individual is not entitled to monetary damages under Title III of the ADA. A review of the case law shows that the Defendants are correct. The Plaintiff is barred from recovering monetary damages under Title III.

## II.   <u>Argument</u>

**The Court should reserve ruling on the Defendants' request to dismiss Count II of the Complaint against the individually named Defendants. There has not been any discovery as to whether the source of their income was from federal funds.**

The Defendants argue that Count II of the Complaint, which alleges that they violated Section 504 of the Rehabilitation Act of 1973, 19 U.S.C. §794, must be dismissed as to the *individual* Defendants. The Defendants do not ask the Court to dismiss the Counts against the institutional Defendants.  The Defendants concede that "Yale University and Yale-New Haven Hospital are recipients of federal financial assistance," but they are argue that the "individual defendants receive no federal funds" and that liability cannot be established.

The Defendants' argument is not yet ripe. There has not been any discovery conducted as to the source of income received

11

by the individually named Defendants in their representative capacities. If the individually named Defendants' source of income is derived from federal funds, the cause of action against them may be sustained. Additional discovery is needed on the issue.

### III. Legal Argument

**Punitive damages are permissible against the Defendants because they are not governmental entities.**

Defendants argue that punitive damages may not be awarded in a 504 action. A review of case law shows that a Plaintiff may not recover punitive damages in a 504 action against a *public entity*. However, the Plaintiff may recover punitive damages in a 504 action against a non-government entity.

> Although prevailing plaintiffs may obtain punitive damages against a private party for a violation of the ADA or Section 504, see 42 U.S.C. 1981 (a) (2), punitive damages may not be recovered against a government defendant in such suits. The statute governing recovery under the ADA, Section 504 and Title VII provides in relevant part:
>
> A complaining party may recover damages under this section against a respondent (other than a government, government agency, or political subdivision) if the complaining party demonstrates that the respondent engaged in a discriminatory practice with malice or with reckless indifference to the federally protect rights of the aggrieved individual.

Worthington v. City of New Haven, 1999 U.S. Dist. Lexis *48 16014 (Conn. 1999).  See also: Meucci v. City Hartford, 2013

U.S. Dist. Lexis 33643 (D. Conn. 2013) citing Worthington,
supra, at 48.

### IV.   <u>Legal Argument</u>

**The Court should reserve ruling on the Defendants' motion to
dismiss Count III against Defendants Yale- New Haven Hospital
and the Doctor Defendants.**

   The Defendants assert that only Yale University, Peter
Salovey and Jonathon Holloway were the only Defendants who had
the power to decline or to allow the Plaintiff to return to her
residential college after commitment to the hospital. However,
Mr. Holloway and Mr. Salovey may have communicated with Dr.
Siggins, the Director of Mental Health and Counseling at the
University and asked for her professional opinions as to whether
the Plaintiff should remain at school or reside on campus.

   Further discovery is needed on the issue prior to the Court
ruling on the motion to dismiss this Count.

## V.   <u>Legal Argument</u>

**The Court must deny the motion to Dismiss Count IV. The Plaintiff has a privacy interest in her medical records.**

The Defendants argue that the Fourth Count for invasion of privacy should be dismissed. The cause of action is rooted in the Defendants improperly giving individuals access to her medical records. "The Second Circuit has repeatedly recognized a constitutionally protected right to privacy in medical records." <u>Doe v. Town of Madison</u>, 2010 U.S. Dist. Lexis 99743 (Conn. 2010) citing <u>Powell  v. Schriver</u>, 175 F. 3d 107, 112 (2d Cir. 1999). "Medical information in general, and information about a person's psychiatric health… is information of the most intimate kind." <u>O'Connor v. Pierson</u>, 426 F. 3d 188, 201 (2d Cir. 2005).

There is no requirement for the medical records to be publicized as referenced in the cases cited by the Defendants. The cases cited by the Defendants do not reference medical records. The <u>Goodrich</u> matter cited by the Defendant involved comments made about a developer's financial position. <u>Goodrich v. Waterbury Republican American</u>, Inc., 188 Conn. 107 (1982). It stands to reason that when certain records are intimate, the need to establish publicity is unnecessary.

If the Court concludes that an invasion of privacy cause of action, even if the breach involves medical records, requires

14

"publicity," then the undersigned requests leave to file an
Amended Complaint to allege a violation of privacy based on the
Due Process clause of the Fourteenth Amendment.

## VI.   Legal Argument

### The Plaintiff alleged a breach of confidential relationship against Dr. Siggins, Yale New Haven Hospital and Yale University.

The Defendants seek dismissal against all the Defendants
but Dr. Siggins and Yale New Haven Hospital on count Five. The
request for dismissal is not yet ripe as discovery must be
conducted to ascertain the relationship between Yale
University's "Yale Health" where the Plaintiff sought treatment.
The Plaintiff seeking treatment with Yale Health and Yale Health
providing treatment establishes a confidential relationship that
is breached upon disclosure of health records. As Yale Health is
a part of Yale University, the Plaintiff establishes a breach
against Yale vicariously through Yale's health.

## VII. Legal Argument

### The Plaintiff is permitted to file a private cause of action under Conn. Stat. 17a-506.

The Plaintiff alleges that the Defendants violated Conn.
Gen. Stat. 17a-506 when they failed to advise her that she had a
right to challenge the involuntary commitment. The Defendants

assert that this statute does not create a private cause of action.

However, a Connecticut matter involved a false imprisonment cause of action based on a violation of Conn. Gen. Stat. 17a-506. In Salvaggio v. Silver Hills Hosp., 2011 Conn. Super. Lexis 751 (Stamford Norwalk Ct, 2011), the Plaintiff alleged false imprisonment against the Defendant hospital. The Plaintiff alleged that despite filing a request for termination of voluntary status pursuant to Conn. Gen. Stat. 17a-506, the Defendant failed to file the request with the local court for a hearing. The jury awarded a verdict in favor of the Plaintiff.

The Defendants assert that the legislature has not created a private cause of action based on a violation of the statute. The Defendants applied the Napoletano test to determine whether the statute creates an implied cause of action. The first prong is whether the Plaintiff is within the class of persons intended to be protected by statute. The statute permits a patient confined to a hospital for psychiatric disabilities to have a hearing as to the propriety of commitment. The statute requires the hospital to advise the patient of his right to leave the hospital after three days of confinement. "Such person shall be informed at the time of such admission concerning such patient's

16

ability to leave after three days' notice pursuant to this subsection…"

The Plaintiff herein alleges that the Defendants failed to advise her of her right to a hearing pursuant to the statute. The Plaintiff was a patient at a hospital for psychiatric treatment. Her role as a patient and her right to be told that she may challenge the admission, place her in the "class of persons intended to be protected by statute."

The second prong explores whether there was any indication, express or implied, of the legislature's intent to create or to deny a private cause of action. The Defendants assert that the legislature created a remedy with the right to a probable cause hearing concerning the commitment. However, the right to a probable cause hearing can only be effectuated when an individual knows that he/she has a right to a hearing.

In this matter, the Plaintiff was not advised of her right to challenge the admission. Without providing for a private cause of action, the statute's effect is hollow. If a hospital does not advise a patient of his right to a probable cause hearing, the patient cannot exercise his right to challenge the commitment. A private cause of action would implicitly be the patient's only potential remedy for the statutory violation.

17

The third prong also favors the recognition of a private cause of action. The statute seeks to permit patients to challenge commitments. The statute requires hospitals to advise the patient of his/her right to challenge the commitment. The statutes encourages individuals with mental health issues to come to the hospital by ensuring that they will not be involuntarily committed without a probable cause hearing. If a hospital fails to advise the patient of his right to challenge a commitment, the underlying purpose of the statute is defeated. By permitting a private cause of action, the hospital will have to abide by notice requirements or face a civil lawsuit. The third factor weighs in favor of the creation of a cause of action.

Alternatively, if the Court concludes that the statute does not create a private cause of action, the Plaintiff seeks to amend her complaint to include a cause of action based on false imprisonment.

**Conclusion**

For the foregoing reasons, only Count I should be dismissed in its entirety; the Court should reserve its ruling as to the individual Defendants in Count II; the Court should deny the motion as to dismissing the request for punitive damages; the Court should reserve ruling as to Yale New Haven Hospital, and

18

the Doctor Defendants as to Count III; the Court should deny the motion to dismiss Count IV; the Court should deny the motion to dismiss Count V and Count VI. The Plaintiff also requests leave to amend the Complaint if the Court is to dismiss various contested counts.

Respectfully submitted,

Robert J. De Groot, Esq.

Oleg Nekritin, Esq.

19

**Certification**

I hereby certify that, on the above written date, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

_____

By: Oleg Nekritin, Esq.

Date: June 28, 2019