# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| Z.P. | : | CIVIL ACTION |
|  | : | NO. 3:19-cv-00315-WWE |
| PLAINTIFF | : |  |
|  | : |  |
| v. | : |  |
|  | : |  |
| YALE UNIVERSITY, | : |  |
| YALE-NEW HAVEN HOSPITAL, | : |  |
| PETER SALOVEY, | : |  |
| JONATHAN HOLLOWAY, | : |  |
| DR. PAUL GENECIN, | : |  |
| DR. LORRAINE SIGGINS, | : |  |
| JOHN DOES 1-3, | : |  |
| JANE DOES 1-3, | : |  |
|  | : | JULY 17, 2019 |
| DEFENDANTS | : |  |

## DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS

The plaintiff's response to the defendants' Motion to Dismiss is long on ad hominem comments, but very short on legal argument or citation. The defendants' description of the facts in their motion to dismiss is not an attempt to "out" the plaintiff's identity. The factual background, which was generated entirely from documentary evidence (principally the medical records), was presented in an effort to explain the decision to require the plaintiff to go to Yale New Haven Hospital for medical treatment and thereafter to take a medical leave of absence following her discharge from the hospital. Just as the plaintiff's brief contains the plaintiff's position as to the underlying facts, so too the defendants were entitled to do the same. However, it is not the characterization of the facts articulated in the parties' briefs that matter; rather, as outlined in defendants' opening brief, the issue is whether the plaintiff has pled sufficient facts to be entitled to proceed with the case.

The Supreme Court of the United States has ruled that in response to a motion to dismiss: "The plaintiff must provide grounds upon which the claim rests through factual allegations sufficient to raise the right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The Court also held: "Only a complaint that states a plausible claim for relief survives a motion to dismiss." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). Federal courts are unanimous in holding that a plaintiff must do more than plead "conclusory allegations or legal conclusions masquerading as factual conclusions"; rather, "the point at which 'conclusory allegations become valid pleadings lies where the plaintiff has asserted sufficient facts that, when construed liberally, allow the inference of a violation." (Citations and internal quotation marks omitted), Plumey v. New York State, 389 F. Supp. 2d 491, 495 (S.D.N.Y. 2005). Similarly, in Gregory v. Daley, 243 F. 3d 687 (2d Cir. 2001), the Second Circuit stated: "bald assertions and conclusions of law are not adequate, and a complaint consisting [only of] naked assertions, and setting forth no facts upon which a court could find a violation…fails to state a claim under Rule 12(b)(6)." Id. at 692. The present plaintiff's legal arguments, in essence, invite the court to reserve decision because "something might come up" in discovery. This has never been held to be a sufficient basis for denying a Motion to Dismiss under Fed. R. Civ. P. 12. The Second Circuit has noted that courts "stop well short of saying that plaintiffs bear no burden at the pleading stage;" rather, plaintiffs must allege "those facts necessary to a finding of liability." Amron v. Morgan Stanley Inv. Advisors, Inc., 464 F. 3d 338, 343 (2d Cir. 2006).

## I.     The Plaintiff Concedes that Count I Should Be Dismissed.

In her opposition, the plaintiff has conceded that the defendants are correct that Count I should be dismissed, because a private individual is not entitled to monetary damages under Title III. See Powell v. Nat'l Bd. of Med. Exam'rs, 364 F.3d 79, 86 (2d Cir. 2004); Bernas v.

Cablevision Systems Corp., 215 Fed. Appx. 64, 67-68 (2d Cir. 2007).  Therefore, the Court should dismiss Count I in its entirety against all defendants.

## II. The Court Should Not Reserve Ruling on Defendants' Motion to Dismiss Count II Against the Individually Named Defendants.

The plaintiff argues that the issue of whether or not Count II should be dismissed as to the individually named defendants is not ripe, because discovery has not been conducted as to the source of income received by the individually named defendants in their representative capacities. The plaintiff further argues that if the individually named defendants' source of income is derived from federal funds, the cause of action against them may not be dismissed.  The plaintiff does not cite any case law to support her position, apparently because none exists.

The judges of this District have consistently held that § 504 of the Rehabilitation Act does not apply to individual defendants in their individual capacities.  Taylor v. Norwalk Cmty. College, 2015 U.S. Dist. LEXIS 130461, *32 (D. Conn. 2015) (Haight, J.); Mascetti v. Zozulin, 2010 U.S. Dist. LEXIS 39003, *9 (D. Conn. 2010) (Dorsey, J.) (A claim pursuant to Section 504 cannot be asserted against private individuals in their individual capacities.); M.K. v. Sergi, 554 F. Supp. 2d 201, 230 (D. Conn. 2008) (Garfinkel, M.J.) ("there is no individual liability for money damages under…§ 504 of the Rehabilitation Act.").  The federal courts in New York agree that § 504 does not permit an award of damages against private parties in their individual capacities.  S.W. v. Warren, 528 F. Supp. 2d 282, 297 (S.D.N.Y. 2007) (dismissing all § 504 and IDEA claims against the individual defendant); Harris v. Mills, 478 F. Supp. 2d 544, 547-48 (S.D.N.Y. 2007) (ADA and Rehabilitation Act claims may not be asserted against individuals); Hartnett v. Fielding Graduate Inst., 400 F. Supp. 2d 570, 575 (S.D.N.Y. 2005) (individuals cannot be held personally liable for violations of the ADA or Rehabilitation Act); Menes v. CUNY Univ. of N.Y., 92 F. Supp. 2d 294, 306 (S.D.N.Y. 2000) (holding that ADA and Rehabilitation Act claims may not be

3

asserted against individuals either in their personal or official capacities).  Therefore, the matter of whether the individual defendants in this case receive their compensation as federal financial assistance is irrelevant.  Section 504 of the Rehabilitation Act does not apply to individual defendants, and therefore this count should be dismissed as to all individual defendants.

### III.     Punitive Damages Are Not A Permissible Remedy Under Section 504 of the Rehabilitation Act.

The plaintiff argues that although a plaintiff may not recover punitive damages in a § 504 action against a public entity, a plaintiff may recover damages in a § 504 action against a non-governmental entity.  The sole citation for this proposition is Worthington v. City of New Haven, 1999 U.S. Dist. LEXIS 16104 (D. Conn. 1999), which held: "Although prevailing plaintiffs may obtain punitive damages against a private party for a violation of the ADA or Section 504…, punitive damages may not be recovered against a government defendant in such suits."  Three years after the Worthington case was decided, the United States Supreme Court declared: "Because punitive damages may not be awarded in private suits brought under Title VI of the 1964 Civil Rights Act, it follows that they may not be awarded in suits brought under § 202 of the ADA and § 504 of the Rehabilitation Act."  Barnes v. Gorman, 536 U.S. 181, 189 (2002).  See also, Denuzzo v. Yale New Haven Hosp., 465 F. Supp. 2d 148, 155 (D. Conn. 2006) (Squatrito, J.) ("[P]unitive damages may not be awarded on claims brought under § 504 of the Rehabilitation Act."); Johnson v. S. Conn. State Univ., 2004 U.S. Dist. LEXIS 21084, *15-16 (D. Conn. 2004) (Droney, J.), (citing Barnes v. Gorman for the proposition that punitive damages may not be awarded in actions brought under § 504 of the Rehabilitation Act); Positano v. Zimmer, 2013 U.S. Dist. LEXIS 200882, *12 (E.D.N.Y. 2013) ("Any claim for punitive damages would have to be dismissed as punitive damages are not available under § 504").  Accordingly, this Court should dismiss the plaintiff's claims for punitive damages under § 504 of the Rehabilitation Act.

**IV.     The Court Should Not Reserve Ruling on the Defendants' Motion to Dismiss Count III against Defendants Yale-New Haven Hospital, Dr. Paul Genecin, and Dr. Lorraine Siggins.**

The plaintiff argues that the Court should reserve ruling on the defendants' motion to dismiss Count III, because discovery is needed to determine whether Mr. Holloway and Mr. Salovey communicated with Dr. Siggins and asked for her professional opinion as to whether or not the plaintiff should remain at school.  Whether or not Mr. Holloway and Mr. Salovey sought Dr. Siggins' professional opinion is irrelevant.  Yale University, Mr. Salovey, and Mr. Holloway are the only defendants who had the authority to permit the plaintiff to return to her residential college following her discharge from the hospital. While Dr. Siggins may have shared her professional opinion with them, she did not have the power to decide whether or not the plaintiff would be allowed to remain at the University.  This decision was in the discretion of Yale University, Mr. Holloway, and Mr. Salovey.  Courts are required "to limit their analysis to the four corners of the complaint" when considering motions to dismiss.  AJB Enters., LLC v. Backjoy Orthotics LLC, 2017 U.S. Dist. 160356, *12 (D. Conn. 2017), citing Kermanshah v. Kermanshah, 580 F. Supp. 2d 247, 258 (S.D.N.Y. 2008).  The fact that Dr. Siggins may have communicated with Mr. Holloway and Mr. Salovey regarding her professional opinion as to whether the plaintiff should remain at school is of no moment.  This is not alleged in the plaintiff's Complaint and therefore cannot be contemplated by the Court before ruling on the motion to dismiss which is pending.  Therefore, Count III should be dismissed as to Yale-New Haven Hospital, Dr. Genecin, and Dr. Siggins.

**V.      Count IV Should Be Dismissed Because It Fails to State a Claim Upon Which Relief May Be Granted.**

The plaintiff claims that Count IV is rooted in the defendants improperly giving

individuals access to the plaintiff's medical records. The plaintiff claims: "The Second Circuit has repeatedly recognized a constitutionally protected right to privacy in medical records." Doe v. Town of Madison, 2010 U.S. Dist. LEXIS 99743 (Conn. 2010). She further argues that "there is no requirement for the medical records to be publicized as referenced in the cases cited by the Defendants." See Pl. Mem. Opp., p. 14. This argument is misplaced and the plaintiff conflates two different issues. In her Complaint, the plaintiff has alleged a claim of common law invasion of privacy, while in her memorandum in opposition to the motion to dismiss the plaintiff tries to assert that she has a constitutional right to privacy in her medical records. Her Complaint does not assert or allege that her constitutional right has been violated. Rather, her Complaint specifically alleges a common law of invasion of privacy action against the defendants. Therefore, the rule of law to be applied as to whether or not the plaintiff has stated a claim upon which relief can be granted in her Complaint is the law that applies to common law invasion of privacy.

As outlined in the defendants' initial brief, there are four distinct categories of "invasion of privacy" recognized in Connecticut: "(a) unreasonable intrusion upon the seclusion of another; (b) appropriation of the other's name or likeness; (c) unreasonable publicity given to the other's private life; or (d) publicity that unreasonably places the other in a false light before the public." Goodrich v. Waterbury Republican-American, Inc., 188 Conn. 107, 128 (1982). Given the factual allegations of the Complaint, the only possible invasion of privacy claims in the present case are the third and fourth categories. Under either theory, as outlined in the defendants' opening brief, the plaintiff must prove that the defendants "gave publicity" to the private information, not just that the defendants repeated the information to a small number of individuals. The present plaintiff asserts that the Hospital defendants and Dr. Siggins disclosed the plaintiff's confidential information to University staff without the knowing and voluntary consent of the plaintiff. See

Complaint at ¶63. Furthermore, the plaintiff asserts that this information was shared by and between University defendants without the knowing and voluntary consent of the plaintiff. See Complaint at ¶64. Since the information regarding the plaintiff is only alleged to have been shared by a small number of individuals, the allegation does not support the contention that the defendants "gave publicity" to this information, as that term is defined by Connecticut law. Therefore, the plaintiff has failed to state a claim for common law invasion of privacy in either variation of that cause of action.

The plaintiff appears to be arguing that the defendants infringed upon her HIPAA privacy rights due to improper disclosures of information in her medical records. The first deficientcy with this argument is that no HIPAA claim was pled in the complaint. Even if such a claim had been alleged in the complaint, HIPAA "'does not confer a private cause of action… either explicitly or implicitly, confer on private individuals a right of enforcement.'" Orr v. Carrington, 2019 U.S. Dist. LEXIS 5407, *6 (D. Conn. 2019) (Shea, J.), quoting Barnes v. Glennon, 2006 U.S. Dist. LEXIS 101806, *5 (N.D.N.Y. 2006). Therefore, the plaintiff cannot assert a claim that the defendants violated her privacy rights under HIPAA. In any event, this allegation is not pled in her complaint and is therefore not properly before the Court at this time. The only allegation that the Court may rule on at this time is that the defendants are responsible to the plaintiff for an invasion of privacy. The plaintiff's complaint itself establishes that the plaintiff cannot prove the elements of that cause of action. Accordingly, Count IV should be dismissed in its entirety.

**VI.    The Court Should Not Reserve Ruling on Defendants' Request to Dismiss Count V Against Yale University, Peter Salovey, Jonathan Holloway, and Dr. Paul Genecin.**

The plaintiff argues that the Court should reserve ruling on the defendants' motion to

dismiss Count V as to Yale University, Mr. Salovey, Mr. Holloway, and Dr. Genecin, because discovery is necessary to determine the relationship between Yale University and Yale Health. It is not necessary to conduct discovery before ruling on the defendants' motion to dismiss Count V, because the complaint only alleges that Yale New Haven Hospital and Dr. Siggins established and breached a confidential physician patient relationship with the plaintiff. See Complaint at ¶¶ 68, 69. It is well established that in deciding a motion to dismiss a court is confined to considering "the allegations contained within the four corners of the complaint." Carlin v. Davidson Fink LLP, 852 F.3d 207, 212 (2d Cir. 2017), citing Pani v. Empire Blue Cross Blue Shield, 152 F.3d 67, 71 (2d Cir. 1998). See also AJB Enters., LLC v. Backjoy Orthotics LLC, 2017 U.S. Dist. 160356, *12 (D. Conn. 2017) (Bolden, J.); Kermanshah v. Kermanshah, 580 F. Supp. 2d 247, 258 (S.D.N.Y. 2008). The allegations contained in the plaintiff's Complaint do not claim that Yale Health established and breached a confidential relationship with the plaintiff. Therefore, since Yale Health is a part of Yale University, Yale University and those employed by it, i.e. Mr. Salovey, Mr. Holloway, and Dr. Genecin, cannot properly be included in a cause of action alleging breach of a confidential relationship with the plaintiff, because this allegation is not contained in the plaintiff's complaint. Accordingly, Count V should be dismissed as to Yale University, Mr. Salovey, Mr. Holloway, and Dr. Genecin.

**VII.    The Plaintiff is Not Permitted to File a Private Cause of Action Under Conn. Gen. Stat. § 17a-506.**

The plaintiff argues that Conn. Gen. Stat. § 17a-506 creates a private cause of action. To support this assertion, the plaintiff has cited only an irrelevant case, Salvaggio v. Silver Hills Hosp., 2011 Conn. Super. LEXIS 751 (Super. Ct. Mar. 28, 2011). While that case did mention the statute at issue here, the cause of action in that case was false imprisonment. Salvaggio does not stand for the proposition that Conn. Gen. Stat. § 17a-506 creates a private cause of action. The plaintiff

8

further argues that each prong of the *Napoletano* test weighs in favor of creating an implied cause of action. This is not the case. It is quite clear, using the *Napoletano* test, that the legislature did not create an implied cause of action.

The first prong of the *Napoletano* test is whether the plaintiffs are within the class of persons intended to be protected by the statute. The present plaintiff is not within the class of persons intended to be protected by the statute. The statute provides for what a hospital may do when a person has voluntarily admitted herself to a hospital for psychiatric disabilities. Specifically, Conn. Gen. Stat. § 17a-506(a) stipulates that a hospital for psychiatric disabilities may receive for observation and treatment any person who requests to be admitted, but that no person shall be confined in any hospital for psychiatric disabilities for more than three business days after such person has given notice of his or her desire to leave, unless an application for commitment has been filed by the hospital. Furthermore, § 17a-506(e) stipulates that when a person is confined to a hospital for psychiatric disabilities and gives notice of his or desire to leave, then any person, including the person in charge of the hospital, may institute proceedings for his or her commitment in the court of probate that has jurisdiction where such hospital is located. In the present matter, the plaintiff is the person who was voluntarily admitted to the hospital and then subsequently committed to the hospital in accordance with Conn. Gen. Stat. § 17a-506(e). Consequently, the plaintiff is not within the class of persons intended to be protected by this statute. Therefore, the first factor weighs against the creation of a private cause of action.

The second prong of the *Napoletano* test asks whether there is any indication, express or implied, of the legislature's intent to create or to deny a private cause of action. The inclusion of a remedy within Conn. Gen. Stat. § 17a-506, coupled with the omission of any private cause of action, indicates that the legislature did not intend to create a private cause of action. This concept

9

was demonstrated in Marsala v. Yale-New Haven Hosp., Inc., 2013 Conn. Super. LEXIS 2489, *42 (Super. Ct. Oct. 30, 2013), when the court concluded that the legislature did not intend to create a private cause of action under Conn. Gen. Stat. § 19a-571. The Court observed in that case that the statute in question deals with the possibility of disagreements in connection with the removal of life support, but specifically provides for a remedy other than a civil action for damages. Id. at *42. Similarly, in Gorman v. Town of New Milford, 2012 Conn. Super. LEXIS 1330, *16 (Super. Ct. May 16, 2012) the court found that the legislature did not intend to create a private cause of action under Conn. Gen. Stat. § 10-233g(a), because the legislature, in the same statute, provided for another remedy. Id. at *16.

In the present case, Conn. Gen. Stat. § 17a-506(e) specifically provides a remedy; a person who has been committed involuntarily following a voluntary admission may request a probable cause hearing in accordance with Conn. Gen. Stat. § 17a-502. If the legislature had intended to provide the remedy of a civil cause of action for damages, it easily could have added language to Conn. Gen. Stat. § 17a-506 to accomplish that goal. That it did not weighs heavily against the argument that a cause of action can be implied. This principle was demonstrated in Gerardi v. City of Bridgeport, 294 Conn. 461, 472 (2010) where the court ruled that the legislature did not intend to provide a private cause of action under Conn. Gen. Stat. § 31-48d, because if the legislature had intended to provide the private remedy of a civil cause of action for enforcement of Conn. Gen. Stat. § 31-48d, it easily could have added language to Conn. Gen. Stat. § 31-48d to indicate such an action was authorized and intended. Id. at 472. Likewise, in J.P. Alexandre, LLC v. Egbuna, 137 Conn. App. 340, 358 (2012) the Appellate Court ruled that if the legislature had intended to provide a private right of action for enforcement of Conn. Gen. Stat. § 12-39n, it easily could have done so expressly. Instead, the legislature provided that the enforcement of Conn. Gen. Stat. § 12-

10

39n shall be "implemented in other parts of the general statutes or rules or regulations of the Department of Revenue Services." Id. at *358.

The third prong of the *Napoletano* test inquires whether a private cause of action would be consistent with the underlying purpose of the statute. A private cause of action would not be consistent with the underlying purpose of the statute. Conn. Gen. Stat. § 17a-506 is included in Chapter 319i of the General Statutes, entitled "Persons with Psychiatric Disabilities." This statute is part of a broader legislative scheme that is focused on psychiatric disability, mental health, and commitment. Allowing a private cause of action for violation of Conn. Gen. Stat. § 17a-506 would interfere with this statutory scheme. Therefore, the third factor weighs against the creation of a private cause of action.

Because the language of Conn. Gen. Stat. § 17(a)-506 is clear and does not contain a private cause of action, and because an analysis of the factors set forth in *Napoletano* demonstrates that a private cause of action should not be implied, Count VI should be dismissed.

**VIII.   Conclusion**

For the foregoing reasons, as well as the reasons contained in the defendants' original brief, Counts I, IV, and VI should be dismissed in their entirety; Count II should be dismissed as to the individual defendants; Count III should be dismissed as to Yale New Haven Hospital, Dr. Paul Genecin, and Dr. Lorraine Siggins; Count V should be dismissed as to Yale University, Peter Salovey, Jonathan Holloway, and Dr. Genecin, and the request for punitive damages should be dismissed as to all counts. Finally, the request for attorneys' fees should be dismissed as to all counts.

**THE DEFENDANTS**,

BY:\_\_\_/s/ Patrick M. Noonan (#ct00189)
Patrick M. Noonan
Shannon K. Noonan
Donahue, Durham & Noonan, P.C.
741 Boston Post Road
Guilford, CT 06437
Telephone:(203) 458-9168
Fax:(203) 458-4424
Email:pnoonan@ddnctlaw.com

## **CERTIFICATION**

I hereby certify that, on the above-written date, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's CM/ECF System.

_____/s/_____
Patrick M. Noonan