UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Z.P., | : |
|     Plaintiff, | : |
| | : |
| v. | :    3:19-cv-00315-WWE |
| | : |
| YALE UNIVERSITY, | : |
| YALE NEW HAVEN HOSPITAL, | : |
| PETER SALOVEY, PAUL GENECIN, | : |
| LORRAINE SIGGINS, | : |
| JONATHAN HOLLOWAY, | : |
| JOHN DOES 1-3, JANE DOES 1-3, | : |
|     Defendants. | |

## **MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO DISMISS**

This is an action by a former Yale University student who was hospitalized and required to take leave during her senior year of college. Plaintiff alleges violation of the Americans with Disabilities Act (Count I), the Rehabilitation Act of 1973 (Count II), and the Fair Housing Amendments Act (Count III). Plaintiff further alleges common law invasion of privacy (Count IV), breach of the duty of confidentiality (Count V), and violation of Connecticut General Statutes § 17a-506, regarding hospital confinement (Count VI).

Defendants have moved to dismiss Counts I, IV, and VI in their entirety; Count II as to the individual defendants; Count III as to Yale New Haven Hospital, Dr. Paul Genecin, and Dr. Lorraine Siggins; Count V as to Yale University, Peter Salovey, Jonathan Holloway, and Dr. Paul Genecin; the request for punitive damages in relation to Counts II, IV, V, and VI; and the request for attorneys' fees in relation to all counts. For the following reasons, defendants' motion will be granted.

1

## BACKGROUND

The following allegations were taken from plaintiff's complaint. Plaintiff has a history of clinical depression. In her senior year at Yale University, after a spate of suicides on campus, plaintiff discussed her emotions with her religious advisor, who suggested that she seek medical advice from Yale Mental Health and Counseling. Yale Mental Health and Counseling, in turn, advised plaintiff to seek admission to Yale New Haven Hospital for treatment.

Plaintiff was advised that if she admitted herself into the Hospital, she would meet with a treatment team on the next business day, but she was never advised that she could be held involuntarily after admission. Nevertheless, Yale New Haven Hospital applied to commit plaintiff involuntarily. No one advised plaintiff of her right to leave after giving the Hospital three days' notice of such desire pursuant to Connecticut General Statutes § 17a-506.

Plaintiff's parents arrived shortly after plaintiff was admitted to the Hospital. The Hospital advised plaintiff's parents that plaintiff was admitted via a "physician's emergency certificate" and that she could be kept by the Hospital for an additional two weeks. Plaintiff's parents requested documentation on their daughter's right to challenge her involuntary admission. Despite their efforts, neither plaintiff nor her parents were able to obtain a "physician's emergency certificate" or other information about plaintiff's right to challenge to her involuntary admission.

In light of recent suicides on campus, defendants determined that plaintiff should take a medical leave from school due to her mental health. This decision

was made despite plaintiff's assertions that her mood and coping skills had improved.

Plaintiff appealed the decision to place her on medical leave, noting that Yale was a refuge from her stressful home environment, more conducive to her recovery. Jonathan Holloway, then Dean of Yale College, denied plaintiff's appeal. Plaintiff further alleges that, in the process of forcing her to take leave, the Hospital disclosed confidential medical information to one or more of the Yale University defendants.

On November 17, 2016, plaintiff was released from the Hospital. She was not permitted to finish the fall 2016 semester or to start the spring 2017 semester and was forced to vacate her campus residence. Defendants' actions prevented plaintiff from graduating with her class. Plaintiff was permitted return to school for the fall 2017 semester.

**DISCUSSION**

The function of a motion to dismiss is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." Ryder Energy Distribution v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984). When deciding a motion to dismiss, the Court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader. Hishon v. King, 467 U.S. 69, 73 (1984). The complaint must contain the grounds upon which the claim rests through factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007). A plaintiff is obliged to amplify a claim with some factual allegations in those contexts where such amplification

3

is needed to render the claim plausible.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

**Count I - Americans with Disabilities Act**

Defendants argue that monetary damages are not available to a private plaintiff under Title III of the ADA.  Plaintiff agrees.  Accordingly, Count I will be dismissed.

**Count II - Rehabilitation Act of 1973**

Defendants argue that Section 504 Rehabilitation Act claims may not be brought against individual defendants in their individual capacities, in part because Section 504 is limited in scope to those who receive federal financial assistance.  Defendants submit that only the Hospital and the University receive federal funds, so claims against the individual defendants should be dismissed.

Plaintiff responds that defendants' argument is not ripe, as no discovery into the individual defendants' income has been completed.  Plaintiff submits that if the individually named defendants' source of income is derived from federal funds, the cause of action against them may be sustained.

Defendants reply that regardless of the issue of federal funding, courts have consistently held that § 504 of the Rehabilitation Act does not apply to individual defendants in their individual capacities.  See Garcia v. S.U.N.Y. Health Sciences Center of Brooklyn, 280 F.3d 98, 107 (2d Cir. 2001) ("Insofar as [plaintiff] is suing the individual defendants in their individual capacities, neither Title II of the ADA nor § 504 of the Rehabilitation Act provides for individual capacity suits against state officials."); see also Taylor v. Norwalk Community College, 2015 WL 5684033, at *11 (D. Conn. Sep. 28, 2015) ("The Court further

4

notes that § 504 of the Rehabilitation Act, by its terms, does not apply to the individual defendants in their individual capacities."). Accordingly, Count II will be dismissed as to the individual defendants.

**Count III - Fair Housing Amendments Act**

Defendants argue that plaintiff has failed to state a claim for violation of the Fair Housing Amendments Act against defendants Yale-New Haven Hospital, Dr. Paul Genecin, and Dr. Lorraine Siggins. Specifically, defendants submit that Yale University, Peter Salovey, and Jonathan Holloway were the only defendants with the authority to allow or prohibit plaintiff's return to her campus residence.

Plaintiff responds that Dr. Siggins may have communicated to Salovey or Holloway about whether plaintiff should remain at school or reside on campus.

Defendants reply that whether Dr. Siggins communicated with Salovey or Holloway about whether plaintiff should remain at school is of no moment; such communication was not alleged in the complaint, and it has no bearing on the fact that the leave of absence decision was at the discretion of Yale University, Salovey, and Holloway. Count III will be dismissed as against Yale New Haven Hospital, Dr. Genecin, and Dr. Siggins.

**Count IV – Invasion of Privacy**

Defendants argue that plaintiff has failed to state a claim for common law invasion of privacy. Specifically, defendants assert that such a claim requires "publicity" as one of its elements and submit that communication to a small group does not constitute publicity, which requires publication to more than a mere handful of individuals. See Holmes v. Town of East Lyme, 866 F. Supp. 2d 108, 131 (D. Conn. 2012) ("The 'publicity' associated with invasion of privacy

5

means that the matter is made public, by communicating it to the public at large, or to so many persons that the matter must be regarded as substantially certain to become one of public knowledge.").

Plaintiff responds, without support, that "there is no requirement for the medical records to be publicized as referenced in the cases cited by defendants." In the alternative, plaintiff requests leave to file an amended complaint to allege a violation of privacy based on the Due Process Clause of the Fourteenth Amendment. Plaintiff is free to move to amend her complaint. In the meantime, Count IV will be dismissed for failure to state a claim.

**Count V – Breach of the Duty of Confidentiality**

Defendants argue that plaintiff has failed to state a claim for breach of the duty of confidentiality as against Yale University, Salovey, Holloway, and Dr. Genecin, as only Yale New Haven Hospital and Dr. Siggins are alleged to have established a confidential physician-patient relationship with plaintiff.

Plaintiff responds that the Court should withhold decision pending discovery into the relationship between plaintiff and Yale University's "Yale Health," where plaintiff sought treatment.

Defendants reply that it is not necessary to reserve ruling because the complaint alleges establishment and breach of a confidential physician patient relationship only as to Dr. Siggins and Yale New Haven Hospital. The Court agrees. Plaintiff is not entitled to discovery into claims not alleged in the complaint. Count V will be dismissed as against Yale University, Salovey, Holloway, and Dr. Genecin.

**Count VI – Conn. Gen. Stat. § 17a-506**

Defendants argue that Count VI should be dismissed, contending there is no private cause of action pursuant to Connecticut General Statutes § 17a-506.

Plaintiff responds by citing to Salvaggio v. Silver Hills Hosp., 2011 WL 1470345, at *1 (Conn. Super. Ct. Mar. 28, 2011), but Salvaggio involved a sole count of false imprisonment, not a direct cause of action based on § 17a-506. Connecticut General Statutes § 17a-550 does allow civil actions for damages based on violation of sections 17a-540 to 17a-549 ("patients' bill of rights") See Mahoney v. Lensink, 213 Conn. 548, 563-67 (1990); Wiseman v. Armstrong, 269 Conn. 802, 809 (2004). There is no comparable statutory provision allowing a cause of action based on violation of § 17a-506. Rather, in this context, courts look to whether a doctor's actions fell substantially below the standards generally accepted in the medical community. See Bolmer v. Oliveira, 570 F. Supp. 2d 301, 314 (D. Conn. 2008).

> States are forbidden from involuntarily hospitalizing an individual unless he is "a danger either to himself or to others." *Anthony v. City of New York,* 339 F.3d 129, 142 (2d Cir. 2003). The Connecticut statutory regime governing involuntary hospitalization is in accord with this due process requirement, permitting a physician to order the involuntary confinement of an individual only where the person "has psychiatric disabilities and is dangerous to himself or others or gravely disabled, and is in need of immediate care and treatment in a hospital for psychiatric disabilities." Conn. Gen. Stat. § 17a–502(a). The Second Circuit has held that no judicial or administrative hearing is required before involuntary commitment occurs. *Project Release v. Prevost,* 722 F.2d 960, 975 (2d Cir.1983). Rather, a physician's decision to involuntarily commit an individual in an emergency must "be made in accordance with the standards of the medical profession." *Rodriguez,* 72 F.3d at 1062–1063. Thus, any physician making such a decision must exercise the commitment power "on the basis of substantive and procedural criteria that are not substantially below the standards generally accepted in the medical community. Due process requires no less." *Id*. While the

7

> mere act of examining the patient and reaching a conclusion as to his suitability for commitment does not, alone, satisfy due process as a matter of law, "the question of what the generally accepted standards were is a question of fact" to be determined by the testimony of experts.

Bolmer, 570 F. Supp. 2d at 314. Accordingly, plaintiff's § 17a-506 based claim will be dismissed.

Plaintiff, in the alternative, seeks leave to amend her complaint to add a cause of action based on false imprisonment. Plaintiff is free to move to amend her complaint. In the meantime, Count VI will be dismissed for failure to state a claim.

**Attorneys' Fees and Punitive Damages**

Finally, defendants argue plaintiff's request for punitive damages in relation to Counts II, IV, V, and VI; and request for attorney's fees in relation to all counts should be dismissed, as such damages and fees are not available under plaintiff's various causes of action.

Plaintiff responds that punitive damages are permissible pursuant to § 504 of the Rehabilitation Act against defendants in this case because defendants are not governmental entities.

The United States Supreme Court held that "[b]ecause punitive damages may not be awarded in private suits brought under Title VI of the 1964 Civil Rights Act, it follows that they may not be awarded in suits brought under § 202 of the ADA and § 504 of the Rehabilitation Act." Barnes v. Gorman, 536 U.S. 181, 189 (2002). Accordingly, plaintiff's prayer for punitive damages will be dismissed.

Plaintiff declined to respond to defendants' argument regarding attorneys' fees. Accordingly, the Court will consider plaintiff's claims for attorneys' fees to be abandoned.

## CONCLUSION

For the following reasons, defendants' motion is GRANTED. Counts I, IV, and VI are dismissed in their entirety; Count II as to the individual defendants; Count III as to Yale New Haven Hospital, Dr. Paul Genecin, and Dr. Lorraine Siggins; Count V as to Yale University, Peter Salovey, Jonathan Holloway, and Dr. Paul Genecin; the request for punitive damages in relation to Counts II, IV, V, and VI, and the request for attorney's fees are likewise dismissed.

Dated this 19th day of September, 2019, at Bridgeport, Connecticut.

       /s/Warren W. Eginton
WARREN W. EGINTON
SENIOR UNITED STATES DISTRICT JUDGE