Robert J. De Groot, Esq.
60 Park Pl.
Newark, N.J. 07102
(973) 643-1930
Attorney for Plaintiff

**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT**

```
-----------------------------x
                             :
Z.P.,                        :     Civil Action
                             :
         Plaintiff.          :     AMENDED COMPLAINT
                             :
                             :
     vs.                     :
                             :
YALE UNIVERSITY,             :
Yale-New Haven Hospital,     :
PETER SALOVEY,               :
JONATHAN HOLLOWAY,           :
Dr. LORRAINE SIGGINS,        :
JOHN DOES 1-3,               :
JANE DOES 1-3,               :
                             :
         Defendant.          :
                             :
-----------------------------x
```

Z.P., by and through her Attorney, Robert J. De Groot, Esq., by way of Complaint, alleges the following:

1. Z.P. at all times relevant hereto was a resident of the Township of Millburn, in the County of Essex, in the State of New Jersey.

2. Z.P. is a person with a disability within the meaning of the Americans with Disabilities Act (ADA), the Rehabilitation Act of 1973 (Section 504), the Fair Housing Act (FHAA).

1

3. Defendant Yale University ("Yale") is a congressionally- chartered nonprofit corporation with its principal place of business in New Haven, Connecticut.  Yale and its programs and activities receive federal financial assistance.  Yale is a public accommodation under 42 U.S.C. 12181, and is subject to Title III of the ADA.  As Defendant operates programs, services and activities receiving federal funds, it is subject to Section 504 of the Rehabilitation Act.

4. Defendant Peter Salovey was at all times relevant hereto the President of Yale University.

5. Defendant Jonathan Holloway was at all times relevant hereto the Dean of Yale College.

6. Defendant Lorraine Siggins was at all times relevant hereto the Director of Mental Health and Counseling at Yale Health, a facility where most Yale students receive their health treatment.

7. Defendant Yale-New Haven Hospital is a chartered nonprofit corporation with its principal place of business in New Haven Connecticut.  It receives federal financial assistance. It is a public accommodation under 42 U.S.C. 12181, and is subject to Title III of the ADA.  As Defendant operates programs, services and activities receiving federal funds, it is subject to Section 504 of the Rehabilitation Act.

8. John Does 1-3 are individuals who are employed by Yale- New Haven Hospital whose identities are not yet known.

9. Jane Does 1-3 are individuals who are employed by Yale University whose identities are not yet known.

## SUBJECT MATTER JURISDICTION

10. The United States District Court of New Jersey has subject matter jurisdiction pursuant to 28 U.S.C. §1331 (federal question jurisdiction), as this matter involves an allegation OF the Defendants violated the Americans with Disability Act. 42 U.S.C. §12101.

11. This Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367 to consider the State causes of action alleged.

## FACTS COMMON TO ALL COUNTS

12. Plaintiff was a Senior at Yale University and lived on-campus during the school year when these causes of actions arose.

13. The Plaintiff was an excellent student who also participated in various in-school and after school activities.

14. As an African American, the Plaintiff was an Ethnic-minority on campus.

15. The Plaintiff has a history of clinical depression.

16. In late 2016, there were a series of suicides by Yale students.

17. The Plaintiff was disenchanted about the campus returning to its "business as usual" atmosphere after the deaths of these students.

18. On or about November 5, 2016, the Plaintiff discussed her emotions with her religious advisor.

19. The advisor suggested that she seek medical advice at Yale Mental Health and Counseling.

20. Plaintiff then appeared at Yale Mental Health and Counseling and was advised that she should go to the Yale- New Haven Hospital for treatment.

21. The Plaintiff followed Yale Mental Health's advice and went for treatment at the Yale-New Haven Hospital Emergency Department.

22. The Plaintiff was advised that if she admitted herself into the Hospital, she would meet with a treatment team on the next business day.

23. The Plaintiff was never advised that she could be held involuntarily after admission.

24. While there, the Yale- New Haven Hospital applied to commit the Plaintiff involuntarily on an inpatient basis.

25. The Hospital disclosed the Plaintiff's confidential medical information to one or more of the Yale University Defendants and their agents, employees, representatives.

26. Neither staff at the Yale- New Haven Hospital nor Yale University employees or representatives advised the Plaintiff that she could request to leave the hospital after three days, with the Hospital being required to initiate proceedings under Conn. Gen. Stat. 17a-506 if they wished to maintain her commitment.

27. The Plaintiff's parents arrived to the Yale-New Haven Hospital shortly after learning that she was admitted.

28. The Plaintiff's parents met with a Doctor and a Social Worker.  They were advised that the Plaintiff was admitted via a "physician's emergency certificate" and that she could be kept in the hospital for an additional two weeks.

29. The Plaintiffs' parents asked for written documents referencing their daughter's rights to challenge the involuntary admission.

30. A Doctor and Social Worker advised the parents the document could be found at the Yale Health Center.

31. The Plaintiffs' parents immediately went to the Yale Health Center where they presented a release for the Plaintiff's medical records and documents related to the Physician's Emergency Certificate.

32. The Plaintiff's mother returned three days later to pick up the records from Yale Health. The documents did not contain the Emergency Certificate or information about the Plaintiff's challenging the involuntary admission.

33. The Plaintiff did not want to remain in the hospital but was not advised that she could challenge the involuntary commitment.

34. To date, neither the Plaintiff nor her parents have ever received a copy of the Physician's Emergency Certificate.

35. While at the Hospital, "Yale Health and School" decided that the Plaintiff "should take a medical leave" due to her health and the recent suicides of two students.

36. This decision was made despite the Plaintiff's improved mood and coping skills. The effect of the medical leave was to "withdraw" from Yale.

36. On November 11, 2017, the Plaintiff appealed the decision to be placed on medical leave.

37. The Plaintiff noted that Yale was a refuge from her stressful home environment and that the environment away from Yale would be less conducive to her recovery.

5

38. The Plaintiff asserted that she would never physically hurt herself.

39. The Plaintiff concluded her letter stating: "please let me continue to learn how not to be afraid, continue to grow and become an adult who is strong enough to make a better life for herself. Please let me return to Yale and continue to help myself."

40. Jonathan Holloway, the Dean of Yale College, denied the appeal four days later on November 15, 2016.

41. On November 17, 2016 the Plaintiff was released from the Hospital. She was not permitted to finish the Fall 2016 semester or to start the Spring 2017 semester.

42. The Plaintiff was forced to vacate her on campus residence.

43. As a result of the Defendants' actions, the Plaintiff was unable to graduate with her class.

44. The Defendants finally permitted the Plaintiff to return to school for the fall 2017 semester, thereby easing the conduct which violated her various constitutional and statutory rights.

45. The Defendants' actions had the effect of ostracizing the Plaintiff from her peer group.

**FIRST CAUSE OF ACTION**

**Violation of Section 504 of the Rehabilitation Act of 1973
(29 U.S.C. §794)**

46. Plaintiff repeats the allegations of the above paragraphs as if fully set forth herein.

47. As described above, the Defendants Yale and Yale New Haven Hospital actions *inter alia*, to deny Plaintiff's requests to appeal the medical leave, to not allow her to return to school and the dormitory, failure to advise the Plaintiff of her rights to challenge the inpatient stay, violate Section 504 of the Rehabilitation Act of 1973 as amended, 29 U.S.C. §794 et. seq.

48. Defendants in their actions and practices above, have discriminated against the Plaintiff, and excluded her from participation in and denied her the benefits of the Defendants' programs, services and activities because of Plaintiff's perceived disability.

49. Additionally, the Defendants have failed to provide a reasonable accommodation under Section 504 of the Rehabilitation Act that would enable Plaintiff's meaningful access to Defendant's services, programs or activities. Defendants' decision *inter alia* to deny Plaintiff's requests to appeal the medical leave, to not allow her to return to school and the dormitory, failure to advise the Plaintiff of her rights to challenge the inpatient stay, violate Section 504 of the Rehabilitation Act of 1973 as amended, 29 U.S.C. 794. seq.

50. As a result of Defendants' violations of section 504, Plaintiff sustained damages as detailed above.

WHEREFORE THE PLAINTIFF DEMANDS Compensatory damages and any other relief that the Court deems fit.

**SECOND CAUSE OF ACTION**
**Violation of the Fair Housing Amendments Act**
**42 U.S.C. §3604 (f)**

51. Plaintiff repeats and re-alleges the assertions as if fully plead herein.

52. The Defendants Yale, Salovey and Holloway actions and practices, including evicting her from her dorm room and otherwise severing her from the Yale community violate the Fair Housing Amendments Act of 1988. In particular, Defendants have violated Plaintiff's rights under 42 U.S.C. §3604 (f) by discriminating in the rental or otherwise making unavailable or denying a room in the residence hall to the Plaintiff because of her disability status.

53. Defendants' action constitute intentional discriminatory treatment based on disability. Defendants actions also have a disparate impact on all individuals with mental disabilities. Additionally, Defendants have failed to provide a reasonable accommodation under the Fair Housing Act that would enable Plaintiff meaningful access to Defendants' services or facilities.

54. As a result of Defendants' violations of the Fair Housing Amendments Act, Plaintiff has been injured.

WHEREFORE THE PLAINTIFF DEMANDS Compensatory damages and punitive damages and any other relief that the Court deems fit.

### THIRD CAUSE OF ACTION

### BREACH OF CONFIDENTIAL RELATIONSHIP

55. Plaintiff repeats and re-alleges the assertions as if fully plead herein.

56. In diagnosing and treating Plaintiff and monitoring her progress, the Yale New Haven Hospital and Dr. Siggins established a confidential physician patient relationship with the Plaintiff.

57. They disclosed the information to Yale University staff without the knowing and voluntary consent of the Plaintiff.

58. Therefore, Defendants breached Plaintiff's confidential relationship.

WHEREFORE THE PLAINTIFF DEMANDS Compensatory damages and punitive damages and any other relief that the Court deems fit.

### FOURTH CAUSE OF ACTION

### FALSE IMPRISONMENT

59. Plaintiff repeats and re-alleges the assertions as if fully plead herein.

60. Yale-New Haven Hospital and Dr. Siggins unlawfully constrained and confined the Plaintiff to the hospital for approximately one week and would not permit her to leave.

61. These Defendants also failed to advise the Plaintiff pursuant to law that she had a legal right to challenge her commitment.

62. The Plaintiff was conscious of the confinement and was aware that Hospital staff would not permit her to leave if she attempted.

63. The Plaintiff did not consent to her unlawful confinement.

64. Plaintiff was damaged as a result of the unlawful confinement.

WHEREFORE THE PLAINTIFF DEMANDS Compensatory damages, Punitive Damages and other relief that the Court deems fit.

Robert J. De Groot, Esq.
60 Park Pl.
Newark, N.J. 07102

Date:   November 13, 2019

### DESIGNATION OF TRIAL COUNSEL

Robert J. De Groot, Esq., hereby is designated as trial counsel in the within matter.

Robert J. De Groot, Esq.
60 Park Pl.
Newark, N.J. 07102

Date:   November 13, 2019

**JURY DEMAND**

    Robert J. De Groot, Esq., on behalf of the Plaintiff hereby demands a jury trial on all the issues.

                                          Robert J. De Groot, Esq.
                                          60 Park Pl.
                                          Newark, N.J. 07102

Date November 13, 2019