UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Z.P. | : | CIVIL ACTION |
| | : | NO. 3:19-cv-00315-DJS |
| PLAINTIFF | : | |
| | : | |
| v. | : | |
| | : | |
| YALE UNIVERSITY, | : | |
| YALE-NEW HAVEN HOSPITAL, | : | |
| PETER SALOVEY, | : | |
| JONATHAN HOLLOWAY, | : | : |
| DR. LORRAINE SIGGINS, | : | |
| JOHN DOES 1-3, | : | |
| JANE DOES 1-3, | : | |
| | : | DECEMBER 10, 2019 |
| DEFENDANTS | : | |
| | : | |

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

The defendants Yale University, Yale New Haven Hospital, Peter Salovey, Jonathan Holloway and Dr. Lorraine Siggins hereby answer the plaintiff's amended complaint filed on November 13, 2019, as follows:

1-2. The defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs One and Two.

3. The allegations contained in Paragraph Three are denied, except to admit that Yale University is a specially chartered, non-profit university with its principal place of business in New Haven, Connecticut and receives federal financial assistance.

4. The defendants admit that defendant Peter Salovey was the President of Yale University at the time of the events alleged in the amended complaint.

5. The defendants admit that defendant Jonathan Holloway was the Dean of Yale

College at the time of the events alleged in the amended complaint.

6. The defendants admit that Lorraine Siggins was the Director of Mental Health and Counseling at Yale Health at the time of the events alleged in the amended complaint. The defendants also admit that Yale Health is a facility where many Yale students receive their medical treatment.

7. The allegations contained in Paragraph Seven are denied, except to admit that Yale New Haven Hospital is a non-profit corporation with its principal place of business in New Haven, Connecticut and that it receives federal financial assistance.

8.-9. The defendants cannot respond to the allegations contained in Paragraphs Eight and Nine, since the individuals referenced in those paragraphs have not been identified and are therefore not included as defendants in this action.

10. The defendants admit that the United States District Court for the District of Connecticut has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.[1]

11. The defendants admit that the United States District Court for the District of Connecticut has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

12. The defendants admit the allegations contained in Paragraph Twelve.

13. The defendants refer to the plaintiff's academic record for the contents thereof.

14. The allegations contained in Paragraph Fourteen are denied, except to admit that the plaintiff has identified herself as an African-American.

15. The defendants admit that at the present time, they are aware that the plaintiff has a history of clinical depression.

---

[1] The plaintiff states that the United States District Court of New Jersey has subject matter jurisdiction since the action involves the Americans with Disability Act. In fact, the case has been brought in the United States District Court for the District of Connecticut and the action no longer has a cause of action involving the Americans with Disability Act since that cause of action was dismissed. The defendants admit that this Court has subject matter jurisdiction.

16.     The allegations contained in Paragraph Sixteen are denied, except to admit that two Yale University students committed suicide during the fall semester of 2016.

17.     The defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Seventeen.

18.-21. The defendants admit the allegations contained in Paragraphs Eighteen, Nineteen, Twenty and Twenty-One.

22.     The defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Twenty-Two.

23.-26. The allegations contained in Paragraphs Twenty-Three through Twenty-Six are denied.

27.-32. The defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs Twenty-Seven through Thirty-Two.

33.-36. The defendants deny the allegations contained in Paragraphs Thirty-Three through Thirty-Six.

36. With respect to the second paragraph labeled Thirty-Six, the defendants admit that the plaintiff appealed the decision to require her to take a medical leave.

37.-39. The defendants deny that the plaintiff has accurately characterized the papers she prepared for her appeal and refer to those papers for the contents thereof.

40.-41. The defendants admit the allegations contained in Paragraphs Forty and Forty-One.

42.-45. The allegations contained in Paragraphs Forty-Two through Forty-Five are denied as stated; the defendants admit that as a result of the involuntary medical leave, the plaintiff did not graduate with her class and was required to vacate her campus housing while she was on

3

involuntary medical leave.

## First Cause of Action
## Violation of Section 504 of the Rehabilitation Act of 1973
## 29 U.S.C. § 794

46.     The defendants incorporate the answers to each and every allegation herein above as if fully stated herein.

47.-50. The defendants Yale University and Yale New Haven Hospital deny the allegations contained in Paragraphs Forty-Seven, Forty-Eight, Forty-Nine and Fifty.

## Second Cause of Action
## Violation of the Fair Housing Amendments Act
## 42 U.S.C. § 3604(f)

51.     The defendants incorporate the answers to each and every allegation herein above as if fully stated herein.

52.-54. The defendants Yale University, President Salovey, and Dean Holloway deny the allegations contained in Paragraphs Fifty-Two, Fifty-Three and Fifty-Four.

## Third Cause of Action
## Breach of Confidential Relationship

55.     The defendants incorporate the answers to each and every allegation herein above as if fully stated herein.

56.     The defendants Yale New Haven Hospital and Dr. Lorraine Siggins admit the allegations contained in Paragraph Fifty-Six.

57.-58. The defendants Yale New Haven Hospital and Dr. Lorraine Siggins deny the allegations contained in Paragraphs Fifty-Seven and Fifty-Eight.

## Fourth Cause of Action
## False Imprisonment

59. The defendants incorporate the answers to each and every allegation herein above as if fully stated herein.

60.-61. The defendants Yale New Haven Hospital and Dr. Lorraine Siggins deny the allegations contained in Paragraphs Sixty and Sixty-One.

62. The defendants Yale New Haven Hospital and Dr. Lorraine Siggins admit the allegations contained in Paragraph Sixty-Two.

63.-64. The defendants Yale New Haven Hospital and Dr. Lorraine Siggins deny the allegations contained in Paragraphs Sixty-Three and Sixty-Four that the plaintiff's confinement to the hospital was unlawful or that it caused her damage.

        THE DEFENDANTS,
        YALE UNIVERSITY,
        YALE-NEW HAVEN HOSPITAL,
        PETER SALOVEY, JONATHAN HOLLOWAY,
        AND DR. LORRAINE SIGGINS

        BY: /s/ Patrick M. Noonan (#ct00189)
        Patrick M. Noonan
        Shannon K. Noonan
        Donahue, Durham & Noonan, P.C.
        741 Boston Post Road
        Guilford, CT 06437
        (203) 458-9168
        pnoonan@ddnctlaw.com

## **CERTIFICATION**

      I hereby certify that, on the above-written date, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

                                                                                                     _____/s/_____
                                                                                                    Patrick M. Noonan